| | |
|---|---|
| Sheehan & Associates, P.C. | 891 Northern Boulevard, Suite 201, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

August 20, 2018

Senior District Judge Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re: Leguette v. Schwans Company et al
              1:17-cv-07599-JBW-ST

Dear Senior District Judge Weinstein:

  This office represents the plaintiff in the above action.

## I. PROCEDURAL BACKGROUND

  On February 6, 2018, your honor referred the action to Magistrate Judge Tiscione for expedition and settlement. Docket No. 5. On April 20, 2018, plaintiff sought such a conference before the Magistrate. Docket No. 9.

  Discovery was stayed, on consent, through the date of the May 21, 2018 conference. Docket No. 13, April 26, 2018; ECF Order, May 4, 2018. On May 18, 2018, defendant moved to dismiss under various theories. Docket No. 14.

  At the May 21, 2018 conference, plaintiff informed the Court that it intended to amend the complaint, as of right, and defendant indicated it would again seek dismissal. Fed. R. Civ. P. 15(a). Moreover, Magistrate Judge Tiscione indicated a preference not to continue the stay on discovery pending the outcome of the defendant's second Rule 12 motion. However, plaintiff stated that given the standards for evaluating such a motion, plaintiff consents to defendant's request that discovery continue to be stayed. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (emphasizing the standard that on a Rule 12(b)(6) motion, "accept[ing] as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.").

  On May 24, 2018, your honor issued an order converting defendant's May 18, 2018 motion to dismiss to one for summary judgment and set a date for submission of motions and an evidentiary hearing. Docket No. 16. On June 7, 2018, plaintiff filed the first amended complaint ("FAC"). Docket No. 17. On consent, the time to respond or move with respect to the FAC was extended until August 6, 2018. Docket No 18; electronic order of Magistrate Judge Tiscione of June 11, 2018.

  In light of the FAC, your honor's July 5, 2018 order indicated the evidentiary hearing would be rescheduled, but as "broad as previously contemplated and will additionally address

plaintiffs' new claims, including allegations regarding inappropriate artificial flavoring and chemical preservatives in the pie filling, the effect of emulsifiers on the flakiness of the pie crust, and plaintiffs' calculation of the amount of butter in defendants' pies." Docket No. 19.

The July 25, 2018 order stated that set an evidentiary hearing "on the parties' motions for summary judgment shall be held on October 2, 2018, at 10:30 A.M, with the parties' summary judgment motions and laboratory reports due on September 18, 2018." Docket No. 20.

## II. LABORATORY TESTING AND SUMMARY JUDGMENT

Defendant's first motion to dismiss asserted that (1) a reasonable consumer would not be deceived by the label emphasizing the presence of butter and (2) the complaint did not make a "Factual Allegation that the Product Contains a Non-Significant or Trivial Amount of Butter." Docket No. 14-1 at 11.

The FAC directly addressed the latter issue and plausibly alleged a specific amount of butter based on (1) calculations of the presence of Vitamin A, on the Products' labels, (2) the USDA nutritional database, (3) modification of the Products' ingredient list (but not the nutrition facts), whereby butter was previously listed according to its predominance by weight – to the updated ingredient list, where butter is a component of the *second* ingredient and the fourth overall word, (4) the use of the ingredient "shortening butter blend," alleged to be an unlawful name, and (5) the origins of that ingredient's name – an ingredients supplier who, for reasons unknown, took down its advertisement for said ingredient soon after the FAC was filed.

Though defendant's first motion did not include laboratory testing data, it is uncertain whether its second motion will include this or whether it will argue that, accepting the allegations of the FAC as true, the labels would not mislead a reasonable consumer. *Stewart v. Riviana Foods Inc.*, No. 16-cv-6157, 2017 WL 4045952, at *8 (S.D.N.Y. Sept. 11, 2017) ("The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself" quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).

In light of your Honor's most recent order referencing the parties' motion for summary judgment, plaintiff requests a conference before Magistrate Judge Tiscione. Plaintiff proposes that the amount of butter and other ingredients could be determined in various ways: on consent, through limited discovery with an appropriate protective order, or joint testing. This would narrow the parties' focus to whether, given the FAC's allegations, it would be plausible that a reasonable consumer would be misled.

Finally, plaintiff has not yet obtained a lab report because it is not in possession of pies manufactured prior to the dates purchased by plaintiffs. Plaintiff would seek these pies from defendant because it is in exclusive possession of them. It is likely that defendant, a large food company, has maintained previous versions of these products in accordance with standard quality assurance protocols. Thank you in advance for your courtesies.

          Respectfully submitted,

           /s/ Spencer Sheehan
          Spencer Sheehan

Certificate of Service

I certify that on August 20, 2018, I served the foregoing by electronically filing and/or mailing (first-class mail) same, to the persons or entities indicated below, at their last known address of record (blank where not applicable).

| August Horvath, Counsel for Defendant | ☒ CM/ECF | ☐ First-Class Mail |

/s/ Spencer Sheehan
Spencer Sheehan

1