EXHIBIT B

United States District Court
Middle District of Florida

| | |
|---|---|
| Joanne Miller individually and on behalf of all others similarly situated | |
| Plaintiff | |
| - against - | Second Amended Complaint |
| Schwan's Company, Schwan's Food Service, Inc., Schwan's Consumer Brands, Inc., SFC Global Supply Chain, Inc. | |
| Defendants | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1.     Schwan's Consumer Brands, Inc. ("defendant") manufactures, labels, markets, sells and distributes the Mrs. Smith's brand of frozen Flaky Crust Pies and Cobblers, sold to consumers from brick-and-mortar stores and online by third-parties, each in various fruit varieties.

Front Label



1

2.      The relevant common label representations for Pie include

Original Flaky Crust Made with Real Butter



No   Artificial   Sweeteners,      No High Fructose Corn Syrup          Just Like Homemade
Dyes or Flavors



3.      Defendant's website reinforces the above representations through presenting

consumers with the following images when they click on the link to the Products.





4.    The claims "Just Like Homemade" "No Artificial Sweeteners, Dyes or Flavor" are false and misleading to consumers.

5.    Defendant has cultivated and reinforced a corporate image that has catered to this "homestyle" theme, boldly emblazoned by the "blue ribbon" front-of-the-package logo, designed to invoke those nostalgic connections Americans have with the state fairs of lore.

6.    State fairs typically had competitions for best foods, with the winning entry in a category – i.e., best pie – winning a coveted "blue ribbon."

7.    The misrepresentations relate to the use and presence of butter ("butter" or "crust" claims) and the statements indicating the absence of artificial flavors and colors etc. ("non-butter" or "filling" claims).

I.   Butter/Crust Claims

8.     The Products' name emphasizes their crust through the product name of "Original Flaky Crust" immediately above the claim, "Made with Real Butter"

9.     Though a pie is composed of multiple elements, it is not a stretch to say that the pie crust is that which is most appreciated by consumers.

10.    The prototypical piecrust is tender enough to bite easily, and also flaky so distinct layers of dough are clearly visible.

11.    Pie crusts are typically comprised of four main ingredients: flour, fat, salt, and water.

12.    The most important of these are fats because they impact the overall flavor, texture and color of the crust.

13.    Fats may be solid, liquid or blends of both and are derived from plant and animal sources.

14.    Examples of fats and oils used include lard, butter and margarine, hydrogenated (or interesterified) solid fat formed from hardening of vegetable oil and non-hardened vegetable oils.

15.    Lipids provide either tenderization or flakiness and impart distinct characteristics of a food product.

16.    Fats and oils tenderize baked products by coating flour proteins in the dough and physically interfering with the development of the gluten protein.

17.    Fats and oils contribute to flakiness, when solid fat is cut into pea-sized chunks in the dough, prior to baking.

18.    When baking occurs, the solid pieces of fat melt, creating air pockets and steam, separating the dough.

19.    Butter, a solid, is ideal for producing a flaky pie crust in part to its relatively high

water content (13 to 19 percent).

20.   When butter is cut into the dough, it creates tiny beads or flakes and preventing excess water from absorbing into the flour, which creates an overdevelopment of gluten.

21.   When the pie is heated, the pieces of butter melt, causing air pockets *and* release of its water content.

22.   Because one part of water creates 1,600 parts of steam, the steam generated separates and expands the surrounding dough, resulting in a flaky crust consumers expect from a pie that contains a not insignificant amount of butter vis-à-vis any other non-emulsified shortenings.

23.   The first reason why Products cannot exhibit the claimed "Flaky Crust" because the shortenings contain emulsifiers, listed in the ingredients as mono- and diglycerides.

**INGREDIENTS:**
**FILLING:** APPLES, WATER, SUGAR, MODIFIED FOOD STARCH, CORN SYRUP, BROWN SUGAR, SALT, SPICE, XANTHAN GUM.
**CRUST:** WHEAT FLOUR, SHORTENING BUTTER BLEND (PALM OIL, BUTTER [CREAM, SALT]), PALM OIL, WATER, SOYBEAN OIL, SALT, DEXTROSE, YEAST, MONO- AND DIGLYCERIDES, APPLE JUICE CONCENTRATE.

24.   Mono- and diglycerides:

- increase fat distribution the oils quickly coating the particles of flour
- promote greater volume of the developed protein matrix, allowing it to stretch more easily without breaking, causing more tenderness
- Eliminate possibility for development of flakes because there are no large chunks of fat to melt between layers of dough

25.   The second reason why Products cannot exhibit the claimed "Flaky Crust" is because even though the Products contain butter, it is present in an insignificant, nominal amount, at an absolute level and compared to the vegetable shortening/oils, which render it unable to impart the characteristic effects which consumers associate with its use.

26.    Since butter is present in such small amounts and must be spread throughout the entire dough, there is no possibility of butter pieces which contribute to flakiness, because the butter will be crushed into almost granule-sized distributions.

27.    A careful review of the content of Vitamin A percent on the nutrition panel confirms the amount of butter in the Products.

28.    Vitamin A is a fat-soluble vitamin found in animal-derived foods such as butter.[1]

29.    The nutrition facts state the Product has zero percent vitamin a of the daily value.

**Nutrition Facts**

Serving Size 1/8 Pie (131g)
Servings Per Container 8

**Amount Per Serving**

Calories 340   Calories from Fat 150

| | % Daily Value* |
|---|---|
| **Total Fat** 17g | **26%** |
| Saturated Fat 2g | **40%** |
| Trans Fat 0g | |
| Polyunsaturated Fat 2g | |
| Monounsaturated Fat 6g | |
| **Cholesterol** 5mg | **1%** |
| **Sodium** 390mg | **16%** |
| **Potassium** 75mg | **2%** |
| **Total Carbohydrate** 45g | **15%** |
| Dietary Fiber 1g | **4%** |
| Sugars 19g | |
| **Protein** 2g | |

| | | |
|---|---|---|
| Vitamin A 0% | • | Vitamin C 10% |
| Calcium 4% | • | Iron 4% |

30.    According to the USDA Food and Nutrition Database, 14 grams of butter (1 tablespoon) contains 355 IU and 97 mcg when converted to the Retinol Activity Equivalent (RAE) roughly 11% of the percent daily value of vitamin A is 900 mcg (100%).

31.    1 percent of the daily value would be 9 mcg RAE though 1% could be listed at any amount above 4.5 mcg because of allowance to round up.

---

[1] Though calcium could be used for this experiment, it is present in a wider range of foods, such as apples.

32.    The following table shows how much mcg RAE, IU and daily value percent corresponds to different amounts of butter based upon the USDA database.[2]

| Butter (g) | Daily Value Vitamin A | mcg RAE | IU |
|------------|----------------------|---------|-----|
| 2 | 1.5 % | 14 | 50 |
| 1.5 | 1% | 10 | 37 |
| 1 | 1% (rounded up from .0078) | 7 | 25 |
| .5 | 0% (not rounded up from .003) | 3 | 12 |

33.    The Products list 0 % Vitamin A which means the amount of butter is .5g or less in each serving.

34.    The ratio of flour to fat in pie pastry varies but a volume ratio commonly used is 3:1, which means 25% of the crust consists of fat ingredients.

35.    Assuming such a ratio for one serving of the Products, it would mean that of the 131 grams per slice, 32.75 grams are fat ingredients.

36.    Of those fat ingredients, it is reasonable and probable that butter constitutes 1.5% at most of the total fat used.

37.    The above calculations with respect to butter are confirmed from the nutrition facts and ingredients as they were previously displayed for the Products.

April 14, 2019                                2017

---

[2]https://ndb.nal.usda.gov/ndb/foods/show/01001?man=&lfacet=&count=&max=25&qlookup=afi%3A%28+%2B%2
2butter%22+butter+%2Bbutter+%29&offset=&sort=default&format=Abridged&reportfmt=other&rptfrm=&ndbno=
&nutrient1=&nutrient2=&nutrient3=&subset=&totCount=&measureby=&Qv=1&Q322366=0.3&Q322367=1&Q32
2368=1&Q322369=1&Qv=1&Q322366=0.1&Q322367=1&Q322368=1&Q322369=1



**Nutrition Facts**
Serving Size 1/8 Pie (131g)
Servings Per Container 8

Amount Per Serving

Calories 340  Calories from Fat 150

% Daily Value*

| | |
|---|---|
| **Total Fat** 17g | **26%** |
| Saturated Fat 8g | **40%** |
| Trans Fat 0g | |
| Polyunsaturated Fat 2g | |
| Monounsaturated Fat 6g | |
| **Cholesterol** 5mg | **1%** |
| **Sodium** 390mg | **16%** |
| **Potassium** 75mg | **2%** |
| **Total Carbohydrate** 45g | **15%** |
| Dietary Fiber 1g | **4%** |
| Sugars 19g | |
| **Protein** 2g | |

| | | |
|---|---|---|
| Vitamin A 0% | • | Vitamin C 10% |
| Calcium 4% | • | Iron 4% |

**Nutrition Facts**
Serving Size 1/8 pie (131g)
Servings Per Container 8

Amount Per Serving

Calories 340  Calories from Fat 150

% Daily Value*

| | |
|---|---|
| **Total Fat** 17g | **26%** |
| Saturated Fat 8g | **40%** |
| Trans Fat 0g | |
| **Cholesterol** 5mg | **1%** |
| **Sodium** 390mg | **16%** |
| **Potassium** 75mg | **2%** |
| **Total Carbohydrate** 45g | **15%** |
| Dietary Fiber 1g | **4%** |
| Sugars 19g | |
| **Protein** 2g | |

| | | |
|---|---|---|
| Vitamin A 0% | • | Vitamin C 10% |
| Calcium 4% | • | Iron 4% |

**INGREDIENTS:**

**FILLING:** APPLES, WATER, SUGAR, MODIFIED FOOD STARCH, CORN SYRUP, BROWN SUGAR, SALT, SPICE, XANTHAN GUM.

**CRUST:** WHEAT FLOUR, SHORTENING BUTTER BLEND (PALM OIL, BUTTER [CREAM, SALT]), PALM OIL, WATER, SOYBEAN OIL, SALT, DEXTROSE, YEAST, MONO- AND DIGLYCERIDES, APPLE JUICE CONCENTRATE.

**INGREDIENTS**

**FILLING:** APPLES, WATER, SUGAR, FOOD STARCH MODIFIED, CORN SYRUP, BROWN SUGAR, SALT, SPICE, CITRIC ACID, ASCORBIC ACID, XANTHAN GUM.

**CRUST:** WHEAT FLOUR, VEGETABLE SHORTENING (PALM OIL AND SOYBEAN OIL WITH MONO- AND DIGLYCERIDES), WATER, BUTTER (CREAM, SALT), SALT, DEXTROSE, YEAST, APPLE JUICE CONCENTRATE

38.   The above images show the ingredients and nutrition facts at a time where butter was declared individually as opposed to part of the invented ingredient, "Shortening Butter Blend."

39.   All the pie crust ingredients are identical, though their order has been rearranged slightly.

40.   Defendant has separated the components of the vegetable shortening

41.   It is misleading to rearrange ingredients in this manner because it gives the

consumers the impression that the pies contain more butter than there is.

42.    The earlier ingredient list indicates that after wheat flour, vegetable shortening is present in the greatest amount by weight and consists of palm oil, soybean oil and mono- and diglycerides.

43.    The order of the sub-ingredients is also by descending order of predominance by weight so that palm oil exceeds soybean oil which exceeds mono- and diglycerides.

44.    The current label removed palm oil from vegetable shortening and combined it with butter, which was listed correctly as being present in an amount less than water in the old label and created the "Shortening Butter Blend" which is allegedly an ingredient made up of more palm oil than butter.

45.    A reasonable consumer may not expect a store-bought pie crust to be 100% butter, since many pie crust recipes use half butter and half shortening, but they will not under any circumstances expect that butter will be at most 2% of the fat used for the crust.

46.    Moreover, while consumers who use butter may also use vegetable shortening, they will use vegetable shortenings without added emulsifiers so that the crust is flaky as opposed to only being tender and soft.

47.    No reasonable consumer would purchase a product which claims "Made with Real Butter" if they were aware that the butter was present in a nominal amount and that at such an amount, it would be unable to create or contribute to those properties – mouthfeel, aroma, texture, crust flakiness – that they associate with butter and pastry crust.

48.    Due to the minute presence of butter and the significant amount of shortening with added emulsifiers, the flakiness which is associated in the experiences of consumers with butter, does not occur in the manner consumers would expect if butter was present in a greater amount

and if the shortening did not contain emulsifiers.

49.    <u>Even if the reasonable consumer reads the ingredient list, that will be misleading and not tell the whole story</u> because defendant has invented a name for a product which does not exist.

50.    This is contrary to law because ingredients and foods are supposed to have a common and usual name that tell a consumer what it is – i.e., evaporated cane juice is deceptive a term used for sugar.

51.    Because butter is such a miniscule part of the products, it is highly unlikely that any manufacturer fabricated such a product and delivered it to defendant for the products.

52.    The more likely alternative is defendant became aware of a product which was erroneously labeled by a commercial ingredients supplier in Texas, Dien Inc.

53.    The below image shows a product with the name "Shortening Butter Blend" on a list of shortening ingredients that company provides to food manufacturers.[3]



---

[3] http://dieninc.com/shortening/

54.     The "89162" corresponds to the SKU for SunGlow® European Style Butter Blend (89162) from Ventura Foods LLC, one of the largest producers of shortenings in the country, and they describe this product as a "cost-effective blend of margarine and butter."[4]

55.     Nevertheless, it is not lawful to split the vegetable shortening ingredients because component ingredients can only be split up where the sub-ingredient itself has a common or usual name established by regulation or if the food is subject to a standard of identity.[5]

56.     Vegetable shortening does not have a common or usual name established by regulation nor a standard of identity under the FDCA and the Meat Inspection or Poultry Products Inspection Acts of the USDA.

57.     The Cobblers also promote a flaky crust and though the front label lacks the butter call-out, the ingredient list contains the same misleading ingredient, "Shortening Butter Blend."



CRUST: WHEAT FLOUR, SHORTENING BUTTER BLEND (PALM OIL, BUTTER [CREAM, SALT]), PALM OIL, WATER, SOYBEAN OIL, SALT, DEXTROSE, YEAST, MONO- AND DIGLYCERIDES.[6]

---

[4]  http://bwmpus.bwbuyersadvantage.com/wp-content/uploads/2013/10/Ventura-Foods-Gluten-Free-Product-Listing-2013.pdf
[5] 21 C.F.R. § 101.4(b)(2) ("An ingredient which itself contains two or more ingredients and which has an established common or usual name"); see 21 C.F.R. Part 102
[6] https://www.mrssmiths.com/products/cobblers/cobblers-blackberry-2lb.htm

58.    The Cobblers suffer from the same misleading and unlawful "rearrangement" of the ingredient list to move butter to the front while splitting the shortening ingredients up.

59.    The nutrition facts are the same from the time prior to the rearrangement of the ingredient list until the present.

60.    A reasonable consumer who looks at the ingredient list will erroneously believe butter is a significant portion of the fat ingredient used to make the crust, when, like the pies, it is present in the same miniscule amount.

61.    Like the pies, the presence of butter in such an amount is insufficient to provide any of the attributes consumers associate with butter's incorporation into pastry crust.

II.  Non-Butter Claims

62.    The filling for a fruit pie consists of fruit pieces are viscously suspended in the confectionery gel (CG).

63.    The CG consists of high sugar components of sucrose and glucose syrup, combined with gelling components such as modified acid stably waxy starch (cornstarch)

64.    The modified starches are ideal because they will not break down during the typical freezing and thawing inherent in the production and consumption of a frozen food.

65.    Food acids such as citric acid and malic acid are added to confectionery gels to give a tart tangy taste to the fruit.

66.    The most commonly used acid is citric acid as it causes the least degradation in other food materials used in food products. *See* P. Burey et al., *Confectionery Gels: A Review on Formulation, Rheological and Structural Aspects*, Intern'l J. of Food Properties, 12(1) (2009).

67.    In confectionery manufacture, a 50% citric acid solution is commonly added near the end of confectionery gel processing to avoid the harsh combination of acid and high temperature

affecting the other ingredients.

68.    Another reason why fruit pie filling contains citric and other acids is their effect on the modified food starch (gel) which contains the fruit pieces.

69.    Even though modified starches are designed to overcome shortcomings of native starch, such as loss of viscosity and thickening power upon cooking and storage, retrogradation still occurs.

70.    Citric acid is used to cross-link starch and improve the stability and prevent the dissolution of starch gels in the fruit filling.

71.    When citric acid is used in food processing, it is typically produced from certain strains of the mold Aspergillus niger and therefore it is synthetic and not natural.

72.    If citric acid were used in the Products, it would be as an artificial flavor to contribute tartness to the fruit pieces and as an artificial coloring agent which contrasts with the label declarations that the Products do not contain artificial flavors or colors.

73.    From defendant's previous label, the Products included citric acid and ascorbic acid though now they are not listed.

74.    It is highly improbable that defendant has invented a method or ingredient which replaces citric and ascorbic acid for use in its fruit pies.

75.    This is demonstrated through a review of pie filling ingredients – for commercial use, for personal use, as components of finished fruit pies.

76.    All of them utilize some combination of acids acid or acidulant-like ingredient (i.e., lemon juice), included for <u>flavoring</u>, among other purposes.

77.    The ubiquity of citric acid as a flavoring agent in fruit pie fillings is demonstrated by

reviewing the listed ingredients on products similar to those of defendant's.

| Product | Filling |
|---|---|
| Marie Callendar's Dutch Apple Pie[7] | Apples, Sugar, Water, Modified Corn Starch, Salt, Spice, Citric Acid |
| Banquet Apple Pie[8] | Water, Apples, Sugar, Brown Sugar, Modified Corn Starch, Less than 2% or Less of: Natural and Artificial Flavor, Acetylated Monoglycerides, Salt, Methylcellulose, Spice, Lemon Juice from Concentrate (Water, Lemon Juice Concentrate, Lemon Oil), Caramel Color. |
| Claim Jumper Dutch Apple Pie[9] | Apples, Sugar, Water, Modified Corn Starch, Salt, Spice, Citric Acid. |
| Lawrence Foods Deluxe Apple Filling[10] | Apples, High Fructose Corn Syrup, Water, Modified Starch, Citric Acid, Ascorbic Acid, Potassium Sorbate and Sodium Benzoate (Used as Preservatives), Cinnamon, Salt, Turmeric |
| Lynch Foods Apple Pie Filling[11] | Apples (contains salt, calcium chloride), glucose-fructose, water, modified corn starch, citric acid, potassium sorbate, ascorbic acid, sulphites. |
| Lucky Leaf Apple Pie Filling[12] | Apples, sugar, water, food starch modified (corn), lemon juice concentrate, cultured sugar, natural flavor and spice (cinnamon and nutmeg) |
| Lieber's Apple Pie Filling[13] | Apple Slices, Water, Corn Syrup, High Fructose Corn Syrup, Modified Food Starch, Citric Acid and/or Sodium Citrate, Spices, Salt, Ascorbic Acid. |

78.    Citric acid is recognized in the food processing industry as important for adjusting

and adding flavor to fruit-flavored foods.

---

[7] https://www.mariecallendersmeals.com/fruit-seasonal-pies/lattice-apple-pie
[8] https://www.banquet.com/fruit-pies/apple-pie
[9] https://www.marianos.com/p/claim-jumper-dutch-apple-pie/0076995080116
[10] http://dilgardfoods.com/catalog/pamphlets/88890.pdf; http://www.lawrencefoods.com/fruitfillings.aspx
[11] http://lynchfoods.com/foodservice/bakery/
[12] https://www.foodservicedirect.com/product.cfm/p/21208747/Apple_Pie_Filling.htm
[13] https://www.heb.com/product-detail/lieber-s-apple-pie-filling/1213545

79.     In fruit pie fillings, citric acid is incorporated into the syrup-like mix which contains the fruit pieces imparting tartness and a subtle character to the flavor of the product.

80.     Citric acid, combined with ascorbic acid, replaces sulfites and prevents browning of fruits and vegetables, allowing them to maintain their taste and flavor until the time the products are consumed.   See Y.H. Hui and Khachatourians, G.G. (eds.), *Food Biotechnology: Microorganisms* (1995) VCH Publishers.

81.     The missing citric acid and the "shortening butter blend" are part of the Schwan's Food Company's "Ingredient Simplicity Commitments."[14]

82.     Under defendant's plan, they are supposedly removing entire ingredient groups from their foods.

83.     Plaintiff will require discovery to ascertain how the Products replaced the function of acid or acidulant-like ingredients.

84.     The most probable explanation is not that defendant has made novel breakthroughs in the realm of confectionary gel science over the past year.

85.     Rather, defendant may have used citric acid et al. but declared them under the catch-all ingredient designation, "Spices."

86.     In such a scenario, it is unlawful misleading to declare an artificial flavoring and chemical preservative to be a spice.

<u>Jurisdiction and Venue</u>

87.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

88.     Upon information and belief, the aggregate amount in controversy is more than

---

[14]   https://www.businesswire.com/news/home/20151021005967/en/Schwan-Food-Company-Announces-Ingredient-Simplicity-Commitments (The commitment announced today is to eliminate these ingredient groups from Schwan-branded foods sold by every subsidiary)

$5,000,000.00, exclusive of interests and costs.

89.     This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within Florida.

90.     Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in Florida.

91.     A substantial part of events and omissions giving rise to the claims occurred in this District.

Class Allegations

92.     The classes consist of all consumers in the following states (1) all states excluding New York (2) and Florida who purchased any Products bearing any actionable representations during the statutes of limitation periods.

93.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

94.     The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

95.     Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

96.     Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

97.     Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

98.     No individual inquiry is necessary since the focus is only on defendant's practices

and the class is definable and ascertainable.

99.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

100.   Plaintiff(s') counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

101.   Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>Parties</u>

102.   Plaintiff Miller is a citizen of St. Johns County, Florida.

103.   In 2017, plaintiff purchased one or more of the Pies and Cobblers for personal consumption, for no less than $4.99, excluding tax, at supermarkets located within their respective counties.

104.   Schwan's Consumer Brands, Inc. is a Georgia corporation with its principal place of business in Minnesota.

105.   Plaintiff bought the Pie and Cobblers because prior to purchase, he/she/they saw and relied upon their principal display panels which represented the product was "Flaky Crust," "Made With Real Butter" "No Artificial Sweeteners, Dyes or Flavors" and observed the ingredient listed as shortening butter blend and believed this signified butter was present in an amount significant to produce the attributes he/she associates with butter – its aroma, mouthfeel, flakiness created in pastry dough, etc.

106. Based on the collective representations, Plaintiff received impressions that the products contained a significant, non-trivial amount of butter, butter was present in amount significant enough to impart the aforementioned attributes to the Products, *viz*, greater than the 1.5% of its actual amount used with respect to vegetable shortening.

107.   Plaintiff purchased these Products because he/she/they intended to consume products

which possessed the attributes and features described herein and opted against buying less expensive products not so represented.

108.   Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

<u>Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), F.S.A., 501.201, et seq.[15]</u>

109.   Plaintiff incorporates by references all preceding paragraphs.

110.   Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

111.   The above-referenced acts are deceptive and unfair for the reasons enumerated.

112.   Defendants offer partial, voluntary disclosures and fail to state additional or qualifying matter with respect to what they did say.

113.   Defendants' representations of the Products as being "Made with REAL Butter" are false and misleading.

114.   This is because no reasonable consumer would expect a product touting the presence of "real butter" to not have enough butter to impart those butter-valued attributes.

115.   As a result of defendant's representations and practices, plaintiffs and class members were caused damages by paying more than they otherwise would have for the Products.

<u>Negligent Misrepresentation</u>

116.   Plaintiff incorporates by references all preceding paragraphs.

117.   Defendant misrepresented the composition of the Products and the attributes which that composition provided with respect to the presence of butter, and the absence of artificial

---

[15]https://scholar.google.com/scholar_case?case=12883471566055895575&q=florida+"reasonable+consumer"&hl=en&scisbd=2&as_sdt=4,75,99,107,122,138,162,286,287,288,289,349,350,351,352,380

flavors or colors.

118.  At the time of the representations, defendant knew or should have known same were false or misleading, especially because Mrs. Smith's pie brand is one of the most storied in the country and which consumers associate positive sentiments.

119.  Defendant negligently misrepresented and/or negligently omitted material facts.

120.  Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

121.  Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

122.  Plaintiff incorporates by references all preceding paragraphs.

123.  Defendants' representations of the products as containing butter was contrary to the actual products, which contained a *de minimis* amount of butter, and more than likely the Products contained artificial colors and/or flavors

124.  As a result, the products lacked those attributes expected from such products where butter is a significant or predominant portion of the shortening used.

125.  The Products do not conform to the affirmations of fact and promises on the Products and the accompanying literature, wholly due to defendant's actions.

126.  Defendants intended for plaintiff and consumers to rely on its claims that the Products contained butter and that the crust was predominantly butter by affording these claims prominence of place.

127.  The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

128.   Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

<u>Fraud</u>

129.   Plaintiff incorporates by references all preceding paragraphs.

130.   Defendant's purpose was to mislead consumers who seek foods made with traditional, homestyle ingredients like butter.

131.   Defendant has been a food manufacturer for over fifty years and knew or should know the requirements about labeling ingredients.

132.   The only possible intent of rearranging the vegetable shortening to create "shortening butter blend" was to deceive consumers and try to "eliminate ingredients" they know consumers don't like as much as butter – vegetable shortening

133.   It is inconceivable that a multibillion dollar company would not realize the rearrangement of its ingredients was against the requirements, which exist to make sure consumers get the facts about what is in the product and how much (descending order of predominance).

134.   Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have otherwise, entitling them to damages.

<u>Unjust Enrichment</u>

135.   Plaintiff incorporates by references all preceding paragraphs.

136.   Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

20

**WHEREFORE,** plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant(s) to correct its/their practices to comply with the law;

3.  Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and FDUTPA claims;

4.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5.  Such other and further relief as the Court deems just and proper.

Dated:   April 14, 2019

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Tel: (516) 303-0552
spencer@spencersheehan.com
Joshua Levin-Epstein

United States District Court
Middle District of Florida

Joanne Miller individually and on behalf of all others similarly situated

Plaintiff

- against -

Schwan's Company, Schwan's Food Service, Inc., Schwan's Consumer Brands, Inc., SFC
Global Supply Chain, Inc.

Defendant(s)

---

## Second Amended Complaint

---

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of
New York State, certifies that, upon information, and belief, formed after an inquiry reasonable
under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  April 14, 2019

/s/ Spencer Sheehan
Spencer Sheehan