**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shatequa Leguette, Joanne Miller, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-07599-JBW-ST |
| Plaintiff, | Hon. Jack B. Weinstein |
| -against- | |
| Schwan's Company, Schwan's Food Service Inc., Schwan's Consumer Brands, Inc., SFC Global Supply Chain, Inc., | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND TRANSFER** |
| Defendants. | |

Defendant Schwan's Company objects to the form of Plaintiffs' Motion to Sever and Transfer the Miller claims (Dkt. 42) as prejudicial to Defendant and.procedurally improper.

Plaintiffs have moved the Court to transfer a draft Second Amended Complaint, filed not as a pleading but as an exhibit to a motion, to the Middle District of Florida.  (Dkt. 42-2.)  There is therefore no pleading or "civil action" to be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) nor any "action, suit or proceeding of a civil nature" to be transferred pursuant to 28 U.S.C. § 1404(b).  Further, Plaintiff's draft Second Amended Complaint is facially defective as a Middle District of Florida Complaint, as it lists only Plaintiff's Counsel in New York, which admitted at the hearing that it is not licensed to practice in Florida nor admitted in any District Court there.  (Transcript of February 6 Hearing, excerpts attached hereto as Exhibit 1, at 24:11-15.)

Defendant is concerned that the transfer of this case's docket to the new case in the Middle District of Florida would prejudice and impair its rights to challenge the sufficiency of

the Complaint under Florida law.  Specifically, if the new court picked up at the present stage of

the proceedings, it would unfairly prejudice Defendant because:

- This Court did not assess the standing of named Florida Plaintiff Joanne Miller to represent the putative Florida class in this case at the February 6 evidentiary hearing, because Ms. Miller did not appear and because the Court decided that this District is not the proper forum for her claims.  (Transcript of February 6 Hearing, excerpts attached hereto as Exhibit 1, at 21:1-23:6.)  Defendants have the right to have Ms. Miller's standing evaluated by the court in the new Florida case in a Rule 12 motion, which may not be permitted if the case is transferred.

- This Court, having decided that it would sever the Plaintiff's Florida claims, ruled only "on the New York part of the case" on Defendant's motion for summary judgment as to Plaintiff's statutory and common-law causes of action.  (Transcript of February 6 Hearing, excerpts attached hereto as Exhibit 1, at 25:11-26:14.) Even as to the New York case, the ruling on summary judgment was held "in abeyance" pending further discovery.  (*Id.* at 26:9-14.)  Defendant is entitled to challenge the sufficiency of the Complaint allegations in a Rule 12 motion under Florida consumer protection law and common law, which, as Plaintiff admitted at the February 6 hearing, differ from that of New York.  (*Id.* at 24:18-21.)

Thus, all substantive issues thus far considered by this Court will need to be evaluated

independently by the Middle District of Florida court applying Florida law.

Plaintiff should file a new case in the Middle District of Florida, using Florida counsel.

Plaintiff will not be prejudiced by the filing of a new case because:

- This matter is still at the pleading stage.

- No discovery requests have been served in this case by any party, and less than ten (10) pages of discovery were produced pursuant to this Court's conversion of Defendant's Rule 12 motion to a Rule 56 motion.

- No motion for class certification has been filed in this case.

Defendant would not object to the designation of this case as a related case to the new action in Florida, but Defendant would be unfairly prejudiced if it were deprived of the right to contest the sufficiency of the new Florida Complaint, as it would any other complaint. For the sake of efficiency, Defendant is willing to deem the few pages of documents produced in this action to have been produced also in the new Florida action. Accordingly, Defendant respectfully requests that the Court deny Plaintiffs' motion and clarify or amend its February 6 Order (Dkt. 38) to require Plaintiff Miller, acting through Florida counsel, to file its Complaint in the Middle District of Florida if she chooses to pursue a cause of action there.

Dated: April 15, 2019                              Respectfully submitted,

                                                   */s/ August T. Horvath*
                                                   August T. Horvath (AH 8776)
                                                   *ahorvath@foleyhoag.com*
                                                   FOLEY HOAG LLP
                                                   1301 Ave. of the Americas, 25th Floor
                                                   New York, New York 10019
                                                   Tel:  (646) 927-5500
                                                   Fax (646) 927-5599
                                                   *Attorneys for Defendant Schwan's*
                                                   *Consumer Brands, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of April 2019, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *August Horvath*
August T. Horvath