**Sheehan & Associates, P.C.**

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

April 25, 2019

Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:17-cv-07599-JBW-ST
      Leguette v. Schwan's Company et al.

Dear Magistrate Judge Tiscione:

This office represents the plaintiff in the above action. In accordance with your Honor's Rules and the ECF entry of February 28, 2019, plaintiff submits this settlement position letter, prior to the settlement conference on April 30, 2019 at 3:00 PM, Hearing Room N504, 225 Cadman Plaza East.

### I.   PRE-CONFERENCE EXCHANGE OF A DEMAND AND AN OFFER

Your Honor's Rules instruct plaintiff's counsel to "submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate" at least fourteen (14) days prior to the conference.

Plaintiff's counsel has not provided a settlement demand to defendant's counsel because opposing counsel indicated clearly to me that settlement of this action is not an option for defendant. Moreover, defendant has not voluntarily provided sales data on a national or state basis, such that plaintiff cannot make an adequate demand.

It was my understanding based on conversations with defendant's counsel, that this information would be provided voluntarily to limit the attorney time on both sides and conserve judicial resources in the event of any disputes. This would have been consistent with the manner in which the parties exchanged information prior to the hearing on defendant's motion for summary judgment on January 30, 2019.

I have been informed by defendant's counsel that such cooperation will not be forthcoming and that plaintiff must submit formal discovery demands. This will be done within the next several days.

Plaintiff will not speculate as to why defendant does not wish to engage in settlement discussion beyond a position that the case has no merit. Plaintiff does not wish to take the Court's time with rehashing issues the parties have presented before the Court.

Moreover, defendant's opposition to plaintiff's benign request to transfer the Florida claims evinces its position contrary to Rule 1 of the Federal Rules of Civil Procedure. Individual Rules, Section II ("require[ing] that disputes be resolved in a manner that is 'just, speedy and inexpensive.'") contrast with ECF 43, April 15, 2019 ("Plaintiff should file a new case in the

Middle District of Florida, using Florida counsel.").

## II. FLORIDA ACTION

Less than thirty (30) days after receiving a copy of the hearing transcript, plaintiff submitted an amended complaint complying with Judge Weinstein's Order to sever and transfer the Florida plaintiff's claims to the Middle District of Florida. ECF No. 42, April 14, 2019. Defendant opposed plaintiff's attempt to comply with the instructions of Judge Weinstein.

To the extent the undersigned is not admitted in Florida, upon severing the action, it is standard for the incoming counsel to seek pro hac vice admission within thirty (30) days and/or associate with local counsel. This is what plaintiff would do should Judge Weinstein grant plaintiff's motion for transfer and severing.

## III. SETTLEMENT STATEMENTS

Plaintiff has been willing to discuss settlement of this action from the outset and made defendant aware of this position. Due to defendant's position that the case is without merit, the conversation has not progressed towards specific items which would be included in a settlement.

Plaintiff's position it that after defendant depletes its packaging supplies which exclusively emphasize the butter content of the crust, the labels be modified to indicate the crust is "butter-flavored" or "buttery tasting." While the role of butter in the crust is central to this action, plaintiff is willing to compromise on a label modification. For instance, if defendant proposed to retain the butter claim but clearly indicated "Shortening Butter Blend" in place of "butter" on the front label, this would be acceptable.

Plaintiff further proposes that a settlement be applied to all consumers within New York who purchased the Products during the relevant statutes of limitation periods be eligible for monetary compensation or vouchers which can be applied to the purchase of butter products which contain at least 50% butter.

Plaintiff will submit its hours expended thus far for approval as attorney fees. At this point, plaintiff has not had to hire experts yet. Therefore, the ability to reach a settlement is increased with lower overall costs than it would be in several months.

## IV. CONCLUSION

Plaintiff looks forward to the settlement conference and moving this case forward consistent with the scheduling order. Plaintiff is open to negotiations on settlement terms to the extent they remedy the allegedly misleading product claims. Thank you.

Respectfully submitted,

 /s/ Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on April 25, 2019, I served the foregoing by electronically filing and/or mailing (first-class mail) same, to the persons or entities indicated below, at their last known address of record (blank where not applicable).

☐ CM/ECF          ☐ First-Class Mail

/s/ Spencer Sheehan
Spencer Sheehan